IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND STREET PARTNERS, LLC, | ) | CASE NO. 1:23 CV 468 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| THE CINCINNATI INDEMNITY CO., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion to Remand (ECF # 7). The motion to remand is opposed by the Defendant. (ECF # 9). Having carefully considered the legal and factual issues raised, and for the reasons that follow, the motion to remand is hereby GRANTED.

## BACKGROUND

Plaintiff, Raymond Street Partners, LLC ("Raymond Street"), filed this action in the Court of Common Pleas of Cuyahoga County, Ohio on January 9, 2023, against Defendant The Cincinnati Indemnity Company ("Cincinnati Indemnity"). Defendant removed the action to this Court on March 8, 2023, before Plaintiff had completed service of process on Defendant. Defendant asserts removal is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction over this matter because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(A). In this case, Plaintiff is a limited liability company organized under Indiana law. Defendant is an insurance company organized under the laws of Ohio with its principal place of business in Ohio. (Complaint, ¶¶ 1,

3) Neither party disputes that the amount in controversy exceeds $75,000 and that diversity jurisdiction exists. Rather, Plaintiff asserts that Defendant, an Ohio corporation, may not remove an action based on diversity jurisdiction under the removal statute. Specifically, 28 U.S. C. § 1441(b)(2) provides that where an action is removed solely on the basis of diversity of citizenship, such action may not be removed if any of the properly joined and served defendants is a citizen of the state in which the action is brought. Cincinnati Indemnity counters that it had not been properly served prior to removal, thus removal is permitted. This type of situation has been referred to by courts as a "snap removal." *See Gordon v. Goodyear Tire & Rubber Co.*, 2022 WL 34069 at *4 (N.D. Ohio January 3, 2022).

## STANDARD OF REVIEW

Federal courts have limited jurisdiction and may only exercise that power prescribed to them by the Constitution or the United States Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America.*, 511 U.S. 375, 377 (1994). Cases which have originally been filed in state court may be removed to a federal district court pursuant to 28 U.S.C. § 1441(a) only if the district court has original jurisdiction over the matter. District courts have original jurisdiction of civil actions arising under the federal question provision of 28 U.S.C. § 1331 and the diversity of citizenship provisions of 28 U.S. C. § 1332. A further exception to removal exists if the state case is removed based solely upon a federal court's diversity jurisdiction. Such cases "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b)(2). This is commonly referred to as the "forum defendant" rule and "reflects the belief that even if diversity exists, a forum defendant—a defendant who is a citizen of the state in which it is sued—has no reason to

fear state court prejudice." *NFC Acquisition, LLC v. Comerica Bank*, 640 F. Supp.2d 964, 968 (N.D. Ohio 2009) (citation omitted.)

A plaintiff may challenge a notice of removal in two ways. First, he may assert that the removed action does not fall within the federal court's original jurisdiction. 28 U.S.C. § 1441(a) Second, a plaintiff may assert that there was a procedural defect in removal. The forum defendant rule has been held to implicate a procedural challenge. *Gentile v. Biogen Idec, Inc.*, 934 F.Supp.2d 313, 316 (D. Mass. 2013).

Courts must strictly construe the removal statutes and all doubts are to be resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) The Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts.

*Brierly, v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999).

## DISCUSSION

**1. Snap Removal**

In this case, Plaintiff's counsel provided a copy of the complaint to Defendant's counsel before service was completed on the Defendant. Defendant then rushed to remove the action to federal court arguing that the removal based solely on diversity jurisdiction was proper under the plain language of 28 U.S.C. § 1441(b)(2) even though the Defendant is a forum defendant. There are no non-forum defendants in this case. Plaintiff argues that § 1441(b)(2) prohibiting forum

defendants from removing based upon diversity jurisdiction only applies to defendants that have been "properly joined and served."

Many courts have discussed this plain language argument, some have agreed and denied remand while others refused to apply a plain language statutory interpretation approach finding that it "leads to the untenable result that forum defendants can remove actions from state court as long as they do so before they are served." *Ethington v. General Elec. Co.*, 575 F.Supp.2d 855, 861 (N.D. Ohio 2008)(citation omitted.) In *Ethington*, Judge Polster thoroughly evaluated the plain language argument from both sides and rejected it finding:

> a literal application of § 1441(b) would allow defendants to always avoid the imposition of the forum defendant rule as long as they are monitoring state dockets and avoiding service. *See Brown*, 2008 WL 2833294, at *5, 2008 U.S. Dist. LEXIS 55490, at *13; *DeAngelo–Shuayto*, 2007 WL 4365311, at *3, 2007 U.S. Dist. LEXIS 92557, at *12. The approach advocated by the GE Defendants would, in addition to eviscerating the forum defendant rule, likewise eviscerate a plaintiff's well-established right to choice of forum, by essentially precluding a plaintiff from ever being able to litigate a case in the defendant's own home state courts if the defendants are sophisticated litigants.

*Ethington*, 575 F. Supp. 2d at 862. *See also, Champion Chrysler Plymouth v. Dimension Service Corporation*, 2017 WL 72694 (S.D. Ohio Feb. 24, 2017)(collecting cases on snap removal, analyzing statutory interpretation arguments and recommending remand)[1]; *NFC Acquisition, LLC, supra*, 640 F.Supp.2d at 969 (rejecting plain language argument and remanding action citing Judge Polster's analysis in *Etherington*.); *El Hassan v. URS Midwest, Inc.*, 2018 WL 6064869 at *3 (N.D. Ohio Nov. 18, 2018)(Judge Lioi determined that "under the better precedent

---

[1] The district court adopted the magistrate judge's report and recommendation and remanded the case to state court. *Champion Chrysler Plymouth v. Dimension Service Corporation*, 2017 WL 1276727 (S.D. Ohio April 6, 2017)

in this court, a literal interpretation of § 1441(b) is inappropriate because it defeats the forum defendant rule and its underlying policy."); *Gordon, supra*, 2022 WL 34069 at *4 (Judge Lioi "renews [the court's] rejection of the practice of snap removals, finding --consistent with other courts in the Northern District of Ohio– that it simply 'could not have been the intent of the legislature in drafting the 'properly joined and served' language' to create an opportunity for the type of gamesmanship exhibited by defendants..."); *Grimm Scientific Industries, Inc. v. Foam Supplies*, Inc., 2022 WL 16569213 (S.D. Ohio Nov. 1, 2022)(reviewed cases involving snap removal and found " the better course of action is to follow in the footsteps of a substantial number of the District Courts within the Sixth Circuit" and reject the "plain language" argument and snap removal.)

After careful review of similar snap removal decisions in the Northern District of Ohio and elsewhere, the Court agrees that the literal interpretation of § 1441(b)(2)'s "joined and served" language would promote the same type of litigant gamesmanship that the forum defendant rule seeks to limit and "eviscerate a plaintiff's well-established right to choice of forum". *Etherington*, 575 F. Supp. 2d at 862. This is especially true here, where the only defendant in the case is a forum defendant that could not have been joined by the plaintiff in an attempt to defeat diversity jurisdiction. Accordingly, the Court finds that Cincinnati Indemnity's removal of this case was improper.

**2. Removal Improper before Service**

Plaintiff argues that Defendant's removal was procedurally defective because it was taken before any defendant was served. While Cincinnati Indemnity is the only defendant in this case, there are a number of cases which have determined that the removal statute assumed that at least

one defendant had been served, and precludes removal until at least one defendant is served. *See Gentile v. Biogen Idec, Inc.*, 934 F.Supp.2d 313 (D. Mass 2013).

In *Gentile*, a New York citizen filed suit in Massachusetts Superior Court against Biogen, a Massachusetts citizen, and Elan Pharmaceuticals, a non-forum defendant. Elan removed the action to federal court before either defendant was served. While recognizing the arguments for and against snap removal based upon the "joined and served" language of § 1441(b), Judge Woodlock determined that a careful reading of all of the words of § 1441(b) shows that a party in interest must be served prior to removal. Specifically, section 1441(b)(2) precludes removal "if any of the parties in interest properly joined and served as defendants" is a forum defendant. The use of the word "any" shows that the statute assumes that at least one party had been served. *Id.* at 318. Judge Woodlock explained:

> Precluding removal until at least one defendant has been served protects against docket trolls with a quick finger on the trigger of removal. Under the reading I have given to section 1441(b) here, plaintiffs legitimately seeking to join a forum defendant face the modest burden of serving that defendant before any others. If a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint. And, even when a forum defendant is served first, my reading anticipates a situation in which an unserved non-forum defendant may remove following service on a forum defendant, in hopes of arguing that joinder of the forum defendant was fraudulent. This reading of the statute thus accommodates the clear congressional purpose animating section 1441(b)—preventing abuse by plaintiffs in forum selection—while also closing an unintended loophole incentivizing parallel abuse by defendants seeking to escape a state forum in which a co-defendant is a citizen, all without doing violence to the plain language of the statute.

*Id.* at 322–23.

Several other courts have also determined that § 1441 requires that at least one party in

interest be joined and served before removal is permitted. *See Cincinnati Ins. Co. v. Omega Elec. & Sign Co.*, No. 1:22-CV-12964, 2023 WL 372642, at *2 (E.D. Mich. Jan. 24, 2023) (even if a case is "removable" on diversity grounds, it may not be removed unless "any of the parties in interest [was] properly joined and served as [a] defendant[ ]." 28 U.S.C. § 1441(b)(2)); accord *Murphy v. Inman*, No. 17-13293, 2018 WL 8809349, at *12–13 (E.D. Mich. Feb. 21, 2018) ("Removal is therefore improper before any defendant has been served.") (collecting cases); *Coburn v. Hixson Weight Loss Ctr. & Shot Spot, M.D., Inc.*, No. 1:21-CV-244, 2022 WL 164541, at *4 (E.D. Tenn. Jan. 18, 2022) ("[B]efore service of any defendant, removal is not appropriate."); *Allied P & C Ins. v. Dowler*, No. 1:21-CV-00119, 2021 WL 4226227, at *4 (S.D. Ohio July 27, 2021) (holding that § 1441(b)(2) requires that "a party in interest had been served prior to removal.")

Cincinnati Indemnity did not address this argument in its opposition. This interpretation of § 1441(b)(2) avoids the forum defendant controversy addressed in part 1 above. However, under either interpretation, Cincinnati Indemnity's removal is improper.

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion to Remand (ECF # 7) is GRANTED. This action is REMANDED to the Court of Common Pleas for Cuyahoga County, Ohio.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: April 25, 2023